## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA,
## COLUMBIA DIVISION

| | |
|---|---|
| AMERICAN MODERN SELECT INSURANCE COMPANY, ) ) | C/A No.: 3:14-cv-2952-JMC |
| Plaintiff, ) | |
| vs. ) | |
| CAROL CRAIN and ) ARCHIE L. TODD, III, ) | **CONSENT CONFIDENTIALITY ORDER** |
| Defendants. ) | |
| ARCHIE L. TODD, III, ) | |
| Plaintiff, ) | |
| v. ) | |
| AMERICAN MODERN SELECT INSURANCE COMPANY, ) | |
| Defendant, ) | |

Whereas, the parties to this ***Consent Confidentiality Order*** (the "Parties" or "Party" as the context dictates), have agreed and stipulated that certain discovery material is and should be treated in the above-captioned litigation as confidential, and have agreed and stipulated to the terms of this ***Consent Confidentiality Order***; accordingly, it is this 24th day of March, 2015, therefore ORDERED:

1. **Scope.** All documents produced by the Parties in the course of discovery, all of the Parties' respective responses to discovery requests, all deposition testimony and deposition exhibits, and any other materials which may be subject to discovery (collectively the "Documents"), whether produced directly form one or more of

the Parties hereto or obtained by one of the Parties hereto from third-parties not directly involved in this litigation, shall be subject to this ***Consent Confidentiality Order*** concerning confidential information as set forth below.

    2.    **Form and Timing of Designation.**     Confidential documents shall be so designated by placing or affixing the word "**CONFIDENTIAL**" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the **CONFIDENTIAL** designation.  Documents shall be designated **CONFIDENTIAL** prior to, or contemporaneously with, the production or disclosure of the documents.  Inadvertent or unintentional production of documents without prior designation as being **CONFIDENTIAL** shall not be deemed a waiver, in whole or in part, of the right to subsequently designate documents as **CONFIDENTIAL** as otherwise allowed by this ***Consent Confidentiality Order***.  Documents produced in advance of the issuance of this ***Consent Confidentiality Order*** may subsequently be designated **CONFIDENTIAL** pursuant to the terms of this ***Consent Confidentiality Order*** within thirty (30) days of entry of this ***Consent Confidentiality Order***.

    3.    **Documents Which May be Designated Confidential.**     Any Party may designate documents as **CONFIDENTIAL** but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information.  The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at ***Attachment A*** which shall be executed subject to the standards of Rule 11 of the *Federal Rules of Civil Procedure*.  Information or documents which are

available in the public sector may not be designated as **CONFIDENTIAL**.

    4.    **Depositions.**  Portions of depositions shall be deemed **CONFIDENTIAL** only if designated as such when the deposition is taken or within seven (7) business days after receipt of the deposition transcript.  Such designation as **CONFIDENTIAL** shall be specific as to the portions to be protected.

    5.    **Protection of Confidential Material.**

        a.    **General Protections.**  Documents designated **CONFIDENTIAL** under this Confidentiality Order shall not be used or disclosed by the Parties or counsel for the Parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).  The Parties shall not disclose documents designated as **CONFIDENTIAL** to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.

        b.    **Limited Third Party Disclosures.**  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents designated **CONFIDENTIAL** under the terms of this **_Consent Confidentiality Order_** to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (*in the form set forth at **Attachment B** hereto*), that he or she has read and understands the terms of this **_Consent_**

***Confidentiality Order*** and agrees to be bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated **CONFIDENTIAL** pursuant to this ***Consent Confidentiality Order***:

(1) counsel and employees of counsel for the Parties who have responsibility for the preparation and trial of this litigation;

(2) the Parties and employees of a Party to this ***Consent Confidentiality Order*** but only to the extent counsel shall certify that the specifically named individual Party or employee's assistance is necessary to the conduct of this litigation in which the information is disclosed;

(3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) consultants, investigators, or experts (collectively the "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit; and

(5) other persons only upon written consent of the producing Party or upon subsequent order of this District Court and on such conditions as are agreed to or ordered.

c. **Control of Documents.**     Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of documents

designated as **CONFIDENTIAL** pursuant to the terms of this ***Consent Confidentiality Order***. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this ***Consent Confidentiality Order***.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (collectively the "copies"), of documents designated as **CONFIDENTIAL** under this ***Consent Confidentiality Order*** or any portion of such a document, shall be immediately affixed with the designation "**CONFIDENTIAL**" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this ***Consent Confidentiality Order***.

6. **Filing of Confidential Materials.** In the event a Party seeks to file any material that is subject to protection under this ***Consent Confidentiality Order*** with this District Court, that Party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the Party who designated the document as **CONFIDENTIAL**; (2) where appropriate (*e.g.*; in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in *District of South Carolina Local Civil Rule* 5.03 or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the document to this District Court shall first consult with counsel for the Party who designated the document as **CONFIDENTIAL** to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this ***Consent Confidentiality Order*** shall be construed as a prior directive to the Clerk of Court of this District Court to allow any document be filed under seal. The Parties understand and acknowledge that documents may be filed under seal only with the permission of this District Court after proper motion pursuant to *DSC Local Civil Rule* 5.03.

7. **Greater Protection of Specific Documents.** No Party may withhold information and/or documentation from discovery on the ground that it requires protection greater than that afforded by this ***Consent Confidentiality Order*** unless the Party moves for an order providing such special protection.

8. **Challenges to Designation as Confidential.** Any designation of a document, *etc.* as **CONFIDENTIAL** is subject to challenge by any non-producing Party. The following procedures shall apply to any such challenge.

   a. The burden of proving the necessity of a **CONFIDENTIAL** designation remains with the Party asserting confidentiality.

   b. A Party who contends that documents designated **CONFIDENTIAL** are not entitled to confidential treatment shall give written notice to the Party who affixed the designation of the specific basis for the challenge. The Party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an order confirming the **CONFIDENTIAL** designation.

   c. Notwithstanding any challenge to the designation of documents as **CONFIDENTIAL**, all material previously designated **CONFIDENTIAL** shall continue to be treated as subject to the full protections of this ***Consent Confidentiality Order*** until one of the following occurs:

        (1)    the Party who claims that the documents are **CONFIDENTIAL** withdraws such designation in writing;

        (2)    the Party who claims that the documents are **CONFIDENTIAL** fails to move timely for an order so designating the documents as **CONFIDENTIAL** as set forth in Paragraph 9.b. above; or

        (3)    this District Court rules that the documents should no longer be designated as **CONFIDENTIAL** information.

    d.    Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.    **Treatment on Conclusion of Litigation.**

    a.    **Order Remains in Effect.**  All provisions of this ***Consent Confidentiality Order*** restricting the use of documents designated **CONFIDENTIAL** shall continue to be binding after the conclusion of this litigation unless otherwise agreed by the Parties or ordered by this District Court.

    b.    **Return of CONFIDENTIAL Documents.**  Within thirty (30) days after the conclusion of this litigation, including the conclusion of any appeal, all documents treated and designated as **CONFIDENTIAL** under this ***Consent Confidentiality Order***, including copies as defined above (Paragraph 6.d.), shall be returned to the producing Party unless: (1) the document has been

entered as evidence or filed (unless introduced or filed under seal); (2) the Parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving Party, that Party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work-product including an index which refers or relates to information designated **CONFIDENTIAL** so long as that work-product does not duplicate verbatim substantial portions of the text of **CONFIDENTIAL** documents. This work-product continues to be **CONFIDENTIAL** under the terms of this ***Consent Confidentiality Order***. An attorney may use his or her work-product in a subsequent litigation provided that its use does not disclose the **CONFIDENTIAL** documents.

10. **Order Subject to Modification.** This ***Consent Confidentiality Order*** shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this ***Consent Confidentiality Order***. Nevertheless, this ***Consent Confidentiality Order*** shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

11.     **No Judicial Determination.**     This ***Consent Confidentiality Order*** is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery under both the *Federal Rules of Civil Procedure* and the *District of South Carolina Local Civil Rules*.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as **CONFIDENTIAL** by counsel is subject to protection under Rule 26(c), *FRCivP*, or otherwise until such time as a document-specific ruling shall have been made.

12.     **Persons Bound.**     This ***Consent Confidentiality Order*** shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED.

s/J. Michelle Childs
J. MICHELE CHILDS
UNITED STATES DISTRICT JUDGE

March 24, 2015
Columbia, South Carolina

# **ATTACHMENT A**

## **CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL**

### *IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION*

| | | |
|---|---|---|
| AMERICAN MODERN SELECT INSURANCE COMPANY, | ) ) ) | C/A No.:  3:14-cv-2952-JMC |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CAROL CRAIN and ARCHIE L. TODD, III, | ) ) ) | **CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL** |
| Defendants. | ) ) | |
| ARCHIE L. TODD, III, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AMERICAN MODERN SELECT INSURANCE COMPANY, | ) ) ) | |
| Defendant, | ) ) | |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as **CONFIDENTIAL** subject to the ***Consent Confidentiality Order*** entered in the above-captioned action which ***Consent Confidentiality Order*** is dated [confidentiality order date].

By signing below, I am certifying that I have personally reviewed the marked

documents and believe, based on my review, that the documents are properly subject to protection under the terms of Paragraph 3 of the ***Consent Confidentiality Order***.

Check and complete one of the two options below.

❏ I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is _____.

❏ I am not a member of the Bar of the United States District Court for the District of South Carolina, but I certify that I am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is _____ where my Bar number is _____. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date: _____           _____
                                     Signature of Counsel


                                     _____
                                     (Printed Name of Counsel)


Dated:_____

# **ATTACHMENT B**

# **ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

## *IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION*

| | | |
|---|---|---|
| AMERICAN MODERN SELECT INSURANCE COMPANY, | ) ) ) | C/A No.: 3:14-cv-2952-JMC |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CAROL CRAIN and ARCHIE L. TODD, III, | ) ) ) | **ACKNOWLEDGMENT OF UNDERSTANDING** |
| Defendants. | ) ) | **AND AGREEMENT TO BE BOUND** |
| ARCHIE L. TODD, III, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AMERICAN MODERN SELECT INSURANCE COMPANY, | ) ) ) | |
| Defendant, | ) ) | |

The undersigned hereby acknowledges that he or she (a) has read the ***Consent Confidentiality Order*** dated _____ and issued by this District Court in the above captioned action, (b) understands the terms, conditions, and prohibitions, thereof and therein, and (c) agrees to be bound by such terms, conditions, and prohibitions. The undersigned further agrees to submit to the jurisdiction of the United States District Court for the District of South Carolina, Columbia Division, in matters

relating to the **_Consent Confidentiality Order_** and understands that the terms, conditions, and prohibitions of said **_Consent Confidentiality Order_** obligate him or her to use discovery materials designated **CONFIDENTIAL** solely for the purposes of the above-captioned action, and not to disclose any such **CONFIDENTIAL** information to any other person, firm or concern.

The undersigned acknowledges that violation of the **_Consent Confidentiality Order_** may result in, among other things, penalties for being in contempt of this District Court.

Name: _____
(Printed)

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____          _____
                                                    Signature

## ATTACHMENT C

## CERTIFICATION OF COUNSEL OF NEED FOR ASSISTANCE OF PARTY/EMPLOYEE

### *IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION*

| | |
|---|---|
| AMERICAN MODERN SELECT INSURANCE COMPANY, | C/A No.: 3:14-cv-2952-JMC |
| Plaintiff, | |
| vs. | |
| CAROL CRAIN and ARCHIE L. TODD, III, | **CERTIFICATION OF COUNSEL OF NEED FOR ASSISTANCE OF PARTY/EMPLOYEE** |
| Defendants. | |
| ARCHIE L. TODD, III, | |
| Plaintiff, | |
| v. | |
| AMERICAN MODERN SELECT INSURANCE COMPANY, | |
| Defendant, | |

Pursuant to the ***Consent Confidentiality Order*** entered in this action, dated _____, 2015, most particularly the provisions of Paragraph 6.b.2., I certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as **CONFIDENTIAL**.

I have explained the terms of the ***Consent Confidentiality Order*** to the

individual named above and will obtain his or her signature on an "*Acknowledgment of Understanding and Agreement to be Bound*" prior to releasing any **CONFIDENTIAL** documents to the named individual and I will release only such **CONFIDENTIAL** documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❑     A named party;

❑     An employee of named party _____.  This employee's job title is _____ and work address is _____.

Date:  _____          _____
                                                              Signature